JAMES KITCHEN v. THE FASHION GARAGE COMPANY, AND ANOTHER.

THE FASHION GARAGE COMPANY, APPELLANT.[1]

December 15, 1922.

No. 23,125.

**Question of contributory negligence for the jury.**
Evidence considered and *held* to be such as to leave the question of plaintiff's negligence for the jury.

Action in the district court for Hennepin county to recover $15,-000 for personal injury caused by driving defendant's car at an excessive speed. The case was tried before Nye, J., who when plaintiff rested and at the close of the testimony denied defendants' motion for a directed verdict, and a jury which returned a verdict for $4,688.48. Defendant garage company moved for judgment notwithstanding the verdict or for a new trial and the court granted the motion for a new trial unless plaintiff consented to a reduction of the verdict to $2,400. From the order denying its motion for judgment notwithstanding the verdict or for a new trial, The Fashion Garage Company appealed. Affirmed.

*A. A. Tenner,* for appellant.
*Einar Hoidale,* for respondent.

QUINN, J.
Plaintiff sustained injuries by being struck by an automobile owned by the defendant Godwin and driven by the defendant company's servant. There was a verdict of $4,688.48 for plaintiff, and an order denying the defendant company's motion for judgment notwithstanding the verdict, and granting a new trial, unless plaintiff file his consent to accept damages in the sum of $2,400 in lieu of the amount fixed by the jury in its verdict. The plaintiff refused

[1] Reported in 191 N. W. 48.

to give his consent, and the defendant company appealed from the order denying its motion for judgment.

The sole question presented upon this appeal is whether the respondent was guilty of contributory negligence as a matter of law, while crossing the street in question at the time of the accident.

It appears that there were two street car tracks along the center of Hennepin avenue, in the city of Minneapolis, which extended in a northerly and southerly direction; that Douglas avenue extending from the west formed a junction with Hennepin at the point in question; that there were two switches where two street car tracks turned to the right from Hennepin onto Douglas avenue and extended west to the railroad shops where respondent was employed; that there was a street car standing at the junction all ready to go west past the shops; that there was a sidewalk extending west from Lyndale avenue to Hennepin at a point diagonally across from where the street car stood; that, with this situation, the respondent, who was 72 years of age, in company with several coworkers at the shop, approached Hennepin over the sidewalk referred to, and, seeing the street car with its door open to receive them, started to run across Hennepin to catch the car before it started west; that the respondent was a few feet behind his companions in crossing, and as he reached the second car track the automobile which appellant's servant was driving approached from the south, striking respondent and causing the injuries complained of.

The respondent testified that when he reached the curb on Hennepin he was a little behind the other men, all running to catch the street car; that he looked to the south up Hennepin and saw an auto a half block or more away, but that he thought he could get across before it reached the point where he was; that he was watching the street car for fear it might start up and leave them; and that, when he had crossed the first car track and was on the second, the automobile hit him. On cross-examination he testified that the automobile must have been coming pretty fast or it would not have caught him; that he saw no other automobile on the street at the time and that it was daylight, before sunrise and a little cloudy.

Mr. Hooker, an eye witness to the accident, testified that he was standing in the rear end of the street car looking out through the window and saw the string of men coming across; that he glanced up Hennepin and saw the automobile coming down at a pretty good speed, and as it neared Douglas it kept turning to the left, sheering off toward the left as though the driver were trying to get by the bunch of men; that as the automobile got nearly by it skidded around and struck respondent and knocked him over; that there were no lights burning on the automobile; that it was between the two tracks when it struck respondent; that when it skidded it turned more than clear around; that in his judgment it was running 30 miles an hour; and that he immediately went to the assistance of the injured man. Other witnesses corroborated this theory as to how the accident occurred. Whether the respondent was guilty of contributory negligence was clearly a question for the jury.

Affirmed.