JAMES KITCHEN v. THE FASHION GARAGE COMPANY AND ANOTHER.[1]

February 1, 1924.

No. 23,802.

**Former decision law of the case.**
    1.  The ruling on a former appeal that the question of contributory negligence was for the jury is the law of the case as the evidence remains the same in substance.

**Dismissal of action as to codefendant not reviewable.**
    2.  Appellant cannot question the dismissal of the action as against its codefendant in whose favor a verdict had been returned and against whom appellant had asserted no claim.

[1]Reported in 196 N. W. 929.

**Statement of attorney not prejudicial to defendant.**
    3. There was no prejudicial misconduct on the part of plaintiff's attorney.

**Reduced verdict sustained.**
    4. This court cannot say that the amount of the verdict as reduced is excessive.

Action in the district court for Hennepin county to recover $15,000 for injuries caused by the negligent driving of an automobile. The case was tried before Baldwin, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $6,688.58. From an order granting its motion for a new trial unless plaintiff consented to a reduction of the verdict to $5,000, defendant The Fashion Garage Company appealed. Affirmed.

*A. A. Tenner,* for appellant.
*Einar Hoidale,* for respondent.

TAYLOR, C.
Plaintiff, while crossing Hennepin avenue in the city of Minneapolis, was struck by an automobile driven by an employe of the Fashion Garage Company and owned by J. Walker Godwin. Plaintiff brought suit against the garage company and Godwin for the injuries sustained. The trial resulted in a verdict against the garage company but in favor of Godwin. The garage company made an alternative motion for judgment or a new trial. The motion for judgment was denied, but the motion for a new trial was granted, unless plaintiff consented to reduce the verdict of $4,688.58 to the sum of $2,400. Plaintiff refused to accept the reduction. The garage company appealed from the order denying its motion for judgment and contended in this court that plaintiff was guilty of contributory negligence as a matter of law. This court held that the evidence made that issue a question for the jury and affirmed the order of the trial court. Kitchen v. Fashion Garage Co. 154 Minn. 21, 191 N. W. 48. At the opening of the second trial Godwin made a motion to dismiss the action as to him. This motion was granted and the trial proceeded against the garage company alone. It re-

sulted in a verdict of $6,688.58 for plaintiff. The garage company, which will be designated as defendant hereafter, made an alternative motion for judgment or a new trial. The court granted a new trial, unless plaintiff should consent to reduce the verdict to the sum of $5,000. Plaintiff accepted the reduction. Defendant appealed from the order.

Defendant again insists that plaintiff was guilty of contributory negligence as a matter of law and that judgment should be rendered in its favor on that ground. That question was decided against defendant on the former appeal, and, as there is no substantial change in the evidence bearing thereon, that ruling has become the law of the case. 1 Dunnell, Minn. Dig., § 398, and cases cited.

Defendant also insists that the court erred in dismissing the action as against Godwin. The verdict absolving Godwin from liability returned at the first trial still stood so far as it related to him, and the manner in which effect was given to it does not concern defendant.

Defendant further insists that plaintiff's counsel was guilty of misconduct in his argument to the jury. Dr. Bessesen, the physician who attended plaintiff, testified positively that certain of plaintiff's ribs were fractured. It appeared that defendant had employed Dr. Geist to make an examination of plaintiff, that Dr. Bessesen was present at this examination, and that an X-ray plate was taken. The misconduct consisted in the assertion by plaintiff's attorney in his argument to the jury that Dr. Bessesen had stated that these fractures were shown on this X-ray plate. Objection was made to the statement. The court told the jury that the argument was proper if such testimony had been given but was not proper if such testimony had not been given, and to rely on their own recollection as to whether it had been given. The court also instructed them in the general charge to disregard all testimony which had been stricken. The record discloses that, during the cross-examination of the doctor, he volunteered the statement that this plate showed those fractures, but that this statement was stricken out at defendant's instance. It was not responsive to any question, but might well have been left in the record. However, the doctor testified positively and unequiv-

ocally that these fractures existed, and that for a considerable time he applied bandages and casts to hold the bones in position while they reunited. These fractures seem to have healed fully and are not the serious or permanent injuries of which plaintiff complains. Dr. Geist was not called as a witness and the plate was not produced. We think that the statement of counsel, evidently made in the belief that it was correct, could not have affected the result and furnishes no sufficient ground for a reversal.

Defendant further insists that the damages are excessive. The injuries, as described by the attending physician, consisted in numerous bruises, a scalp wound requiring several stitches to close it, two or three broken ribs, and a fracture of the fourth lumbar vertebra which may have involved parts of the sacrum. The fracture of the spine was the serious injury. The doctor stated that a fibrous but not a bony union had been formed and that this injury permanently incapacitated plaintiff from doing the work which he had formerly done. Although 72 years of age, plaintiff was still vigorous and employed in the railroad shops at 53 cents an hour. His work required him to handle and move scrap iron and parts of engines and boilers. Some months after the injury he returned to work, but was unable to do the heavy work which he had formerly done or to do any work continuously. We find no sufficient reason for interfering with the amount of the verdict as reduced by the trial court.

Defendant assigns certain rulings at the trial as error, but an examination of the record discloses no ground for this claim.

Order affirmed.